IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01169-BNB

SOLOMON BEN-TOV COHEN,

    Plaintiff,

v.

JOHN P. LONGSHORE, and
UNKNOWN MAIL CLERK, El Paso County Sheriff's Office,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 16 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Plaintiff Solomon Ben-Tov Cohen is an immigration detainee at a detention facility in Aurora, Colorado. Mr. Cohen initiated this action by filing *pro se* two slightly different versions of a Prisoner Complaint asserting claims that his rights under the United States Constitution have been violated. On June 2, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Cohen to file an amended complaint, which he did on June 23, 2009. On June 25, 2009, Magistrate Judge Boland ordered Mr. Cohen to file a second amended complaint to correct new deficiencies in the amended complaint. Mr. Cohen was warned that the action would be dismissed without further notice if he failed to file a second amended complaint within thirty days. On August 4, 2009, and again on September 3, 2009, Magistrate Judge Boland entered minute orders granting Mr. Cohen extensions of time to file his second amended complaint. Following the September 3 minute order, Mr. Cohen's deadline for filing a second amended complaint was October 5, 2009.

On October 6, 2009, Mr. Cohen filed a notice of change of address stating that he had been moved from the El Paso County Jail to the Aurora detention facility. Mr. Cohen also stated in the notice of change of address that he would be filing another motion for extension of time. On October 28, 2009, Mr. Cohen finally filed a late motion for another extension of time. On November 2, 2009, Magistrate Judge Boland entered a minute order granting the October 28 motion and allowing Mr. Cohen until November 30 to file a second amended complaint as directed. Magistrate Judge Boland advised Mr. Cohen in the November 2 minute order that no further extensions of time would be granted.

Mr. Cohen did not file a second amended complaint within the time allowed. However, on December 10, 2009, Mr. Cohen filed a Motion to File Amended Complaint Late, a Motion for the Appointment of Counsel, and three different versions of an Amended Prisoner Complaint. Mr. Cohen asserts the same two claims in each Amended Prisoner Complaint filed on December 10, 2009, but the exhibits attached to each Amended Prisoner Complaint filed on December 10 are not identical.

The Motion to File Amended Complaint Late filed on December 10, 2009, will be denied because Mr. Cohen specifically was advised that no further extensions beyond November 30 would be granted. The motion also will be denied because Mr. Cohen failed to file a second amended complaint as directed. Instead, Mr. Cohen has filed three different amended pleadings.

Finally, the motion to file a second amended complaint out of time will be denied because the claims Mr. Cohen seeks to raise in the amended complaints filed on December 10 lack merit. In his first claim, Mr. Cohen seeks damages for false

2

imprisonment from June 1, 2008, through June 19, 2009. Mr. Cohen's allegations in support of his false imprisonment claim are difficult to understand. However, it is clear that Mr. Cohen may not recover damages for false imprisonment until he successfully invalidates that imprisonment, see **Heck v. Humphrey**, 512 U.S. 477 (1994), and he fails to allege that he has invalidated the allegedly false imprisonment. The Court is aware that Mr. Cohen has been advised of the rule in **Heck** in at least two prior actions. See **Cohen v. Pauley**, No. 09-cv-01112-ZLW (D. Colo. Jun. 19, 2009); **Cohen v. Clemens**, No. 08-cv-01991-ZLW (D. Colo. Oct. 1, 2008), **aff'd**, No. 08-1394 (10th Cir. Apr. 7, 2009).

In his second claim, Mr. Cohen alleges that his right of access to the courts was violated when an unidentified mail clerk refused to send legal mail to the court in another case. The access to the courts claim lacks merit because Mr. Cohen fails to allege any actual injury in connection with the preparation of an initial pleading raising a nonfrivolous legal claim in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. See **Lewis v. Casey**, 518 U.S. 343, 349-55 (1996). Accordingly, it is

ORDERED that the Motion to File Amended Complaint Late filed on December 10, 2009, is denied. It is

FURTHER ORDERED that the two Prisoner Complaints filed on May 22, 2009, the Amended Prisoner Complaint filed on June 23, 2009, the three Amended Prisoner Complaints filed on December 10, 2009, and the action are dismissed. It is

FURTHER ORDERED that the Motion for the Appointment of Counsel filed on December 10, 2009, is denied as moot.

DATED at Denver, Colorado, this 16 day of December, 2009.

BY THE COURT:

*[signature]*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01169-BNB

Solomon B. Cohen
Alien No. 077309675
GEO/ICE Processing Center
11901 E. 30th Ave.
Aurora, CO 80010-1525

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/16/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk