**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SOLOMON BEN-TOV COHEN,

    Plaintiff-Appellant,

v.

JOHN P. LONGSHORE; UNKNOWN MAIL CLERK, El Paso County Sheriff's Office,

    Defendants-Appellees.

No. 09-1563

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:09-CV-01169-ZLW)**

---

Submitted on the briefs:[*]

Solomon Ben-Tov Cohen, pro se.

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

[*] After examining Plaintiff's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.
    Because the action was dismissed before service of process on the defendants, the defendants do not appear in this court on appeal.

---

Plaintiff Solomon Cohen, proceeding pro se, appeals from the district court's sua sponte dismissal of his civil rights complaint and denial of his motion to file an amended complaint late. Plaintiff, who was an immigration detainee at the time the underlying proceedings took place, sought in his amended complaint to raise claims of false imprisonment and denial of access to the courts. The district court denied Plaintiff's motion to amend on three grounds: (1) untimeliness, (2) his attachment of different exhibits to the three copies of his amended complaint, and (3) the futility of amendment. The court then dismissed both the original and amended complaints. On appeal, Plaintiff contends that he should have been permitted to file his amended complaint and that the claims in the amended complaint were sufficiently meritorious that they should have been allowed to proceed.

We review for abuse of discretion the district court's denial of Plaintiff's motion to file an amended complaint. *See United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires," and thus "district courts may withhold leave to amend only for reasons such as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, or futility of the amendment.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (brackets omitted)).

Plaintiff filed his initial complaint on May 22, 2009, and his first amended complaint on June 23, 2009. On June 25, the magistrate judge issued an order directing Plaintiff to file a second amended complaint. Plaintiff sought an extension of time to file his complaint on July 31, September 2, and October 28. Each motion for an extension of time was granted, but the magistrate judge warned him on the last occasion that no further extensions would be granted and that he had only until November 30 to file his second amended complaint as directed. In his September and October motions for an extension of time, Plaintiff explained why he was requesting an extension, with his reasons including medical issues, his transfer to another facility, and the limitations of the detention center's law library. When he finally filed his second amended complaint, along with a motion for late filing, on December 10, 2009, he explained that his cancer symptoms had recurred and that he had been feeling very weak during the past six weeks, which had prevented him from complying with the deadline for filing his amended complaint.

As the Supreme Court stated in *Foman*, "undue delay" may be an appropriate justification for denying a motion to amend. 371 U.S. at 182. In deciding whether a delay is "undue," we "focus[] primarily on the reasons for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). "We

have held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). For instance, in *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452 (10th Cir. 1991), we affirmed the district court's denial of a motion to amend that was filed nearly seventeen months after the filing of the original complaint with no explanation for the delay. *Id.* at 1462. In *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274 (10th Cir. 2006), we affirmed the district court's denial of leave to amend where "[t]he plaintiffs offer[ed] no explanation for their 14-month delay other than the dubious assertion that until the district court's ruling at the pre-trial conference, they had no idea an amendment was necessary." *Id.* at 1285 (internal quotation marks and brackets omitted). By contrast, we concluded in *Minter* that the district court erred in striking as untimely an amended claim when the plaintiff gave "an excusable cause for the delay" in bringing this claim. 451 F.3d at 1207.

In this case, Plaintiff asserted that he filed his amended complaint late—ten days following the deadline given by the magistrate judge—because of a serious medical condition. Plaintiff had also provided reasons for his previous extensions of time, many of which were likewise outside of his control. The district court gave no consideration to these reasons, but simply held that the motion for late filing should be denied because Plaintiff had failed to file it in a timely fashion. We conclude that the district court abused its discretion when it denied the motion

to file an amended complaint without any consideration of whether Plaintiff had given an excusable cause for his delay in amending the complaint as directed. In so holding, we express no opinion as to whether Plaintiff's explanations did in fact provide sufficient cause for his delay in complying with the order to file an amended complaint. We simply hold that the district court erred when it failed to give any consideration to the adequacy of the reasons Plaintiff provided for the delay.

The district court's second reason for its decision was Plaintiff's attachment of different exhibits to each copy of the second amended complaint. The court thus reasoned that Plaintiff had "failed to file a second amended complaint as directed." (R. at 163.) However, although dismissal may be "an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules," *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005), we are not persuaded that a pro se plaintiff's apparently inadvertent failure to attach identical exhibits to each copy of his amended complaint is a sufficiently grievous departure from the court's rules to warrant denying his motion to amend and dismissing his complaint.

Moreover, we note that the district court did not indicate in its order whether it was dismissing Plaintiff's complaint with or without prejudice, and thus the court's dismissal must be treated as a dismissal with prejudice. *See Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

Although a district court has the discretion to dismiss a case with prejudice for the failure to comply with the rules of civil procedure or the court's orders, the court does not exercise its discretion soundly unless it first considers certain criteria—specifically, "'(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Id.* (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003)). In this case, there is no indication that the district court considered any of these factors before dismissing both the original and the amended complaint. Furthermore, as in *Nasious*, these factors do not all weigh in favor of dismissal, and we see no basis for affirming the court's decision based on our own independent assessment of these criteria on appeal. *See id.* at 1162-63.

Finally, the district court concluded that Plaintiff's motion to file a late amended complaint should be denied because the claims he sought to add lacked merit. Although we generally review for abuse of discretion a district court's denial of leave to amend a complaint, when this "denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1250 (10th Cir. 2009). We thus consider de novo whether "it is 'patently obvious' that the

plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We likewise review de novo a district court's conclusion that a complaint should be dismissed because it fails to state a claim upon which relief may be granted. *See Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995).

In his amended complaint, Plaintiff sought to raise two claims: false imprisonment and denial of access to the courts. As for the false imprisonment claim, the district court concluded that this claim lacked merit because Plaintiff had not invalidated his imprisonment and thus could not recover damages under *Heck v. Humphrey*, 512 U.S. 477 (1994), which generally prohibits an individual from recovering damages in a civil rights action for an allegedly unlawful confinement where there has not been a favorable termination of the criminal action on appeal or in a collateral action. Plaintiff argues, however, that *Heck* should not bar this action because Plaintiff has no available habeas remedy. Indeed, Plaintiff in fact sought to invalidate his imprisonment through a 28 U.S.C. § 2241 petition but was prevented by his transfer out of Immigration and Customs Enforcement custody, which mooted his habeas claims. *See Cohen Ma v. Hunt*, 372 F. App'x 850 (10th Cir. 2010). Under these circumstances, Plaintiff argues, his false imprisonment claim should not be barred by his failure to obtain relief in habeas.

The circuits have split on the question of whether the *Heck* favorable-

termination requirement applies when the plaintiff lacks an available habeas remedy. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (discussing the circuit split but resolving the case on other grounds). In *Heck*, the Supreme Court broadly held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Although the petitioner in *Heck* was still incarcerated when he brought his § 1983 claim, the Court stated in a footnote that "the principle barring collateral attacks—a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 490 n.10. Based on this dicta and the Court's broad language in its holding, several circuits have held that the *Heck* favorable-termination requirement prevents § 1983 claims for damages even when brought by petitioners whose release from custody has made habeas relief unavailable. *See, e.g.*, *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007); *Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006); *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Figueroa v. Rivera*, 147 F.3d 77, 81 n.3 (1st

-8-

Cir. 1998).

Other circuits have reached the opposite conclusion, however, based on the Supreme Court's subsequent decision in *Spencer v. Kemna*, 523 U.S. 1 (1998). *See, e.g*, *Wilson v. Johnson*, 535 F.3d 262, 266-68 (4th Cir. 2008); *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007); *Harden v. Pataki*, 320 F.3d 1289, 1298-99 (11th Cir. 2003); *Nonnette v. Small*, 316 F.3d 872, 876-77 (9th Cir. 2002); *Huang v. Johnson*, 251 F.3d 65, 75 (2d Cir. 2001); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999).  In *Spencer*, a majority of the Court affirmed the dismissal for mootness of a habeas claim brought by a petitioner who was no longer in custody because the petitioner had failed to show that he suffered continuing collateral consequences from his parole revocation following his release.  *Id.* at 14-16.  In a concurrence, four Justices articulated an additional reason why this result was correct—"a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy," and thus "the answer to Spencer's argument that his habeas claim cannot be moot because *Heck* bars him from relief under § 1983 is that *Heck* has no such effect."  *Id.* at 21 (Souter, J., concurring).  Justice Stevens dissented from the majority opinion, concluding that the case should not be moot based on the petitioner's interest in vindicating his reputation.  *Id.* at 22-25

(Stevens, J., dissenting). He agreed with the concurring Justices, however, that a petitioner without a remedy under the habeas statute may bring an action under § 1983. *Id.* at 25 n.8.

After discussing the Court's statements in *Heck* and *Spencer*, the Fourth Circuit explained that its decision to follow the reasoning of the five-Justice plurality in *Spencer* was informed by equitable concerns and consideration of the purpose of § 1983. *Wilson*, 535 F.3d at 268. The court noted that the purpose of § 1983 is to "provid[e] litigants with 'a uniquely federal remedy against incursions . . . upon rights secured by the Constitution and laws of the Nation,'" and that "[b]arring [the plaintiff's] claim would leave him without access to any judicial forum in which to seek relief for his alleged wrongful imprisonment." *Id.* (quoting *Wilson v. Garcia*, 471 U.S. 261, 272-73 (1985)). The Fourth Circuit then explained that it simply "d[id] not believe that a habeas ineligible former prisoner seeking redress for denial of his most precious right—freedom—should be left without access to a federal court." *Id.* Similarly, the Eleventh Circuit reasoned in *Harden* that, "because federal habeas corpus is not available to a person extradited in violation of his or her federally protected rights, even where the extradition itself was illegal, § 1983 must be" available to redress an unconstitutional extradition. *Harden*, 320 F.3d at 1299.

The courts that apply the *Heck* bar to petitioners without a habeas remedy have reasoned that *Heck* must be applied according to the broad language of its

-10-

holding unless and until the Supreme Court explicitly holds otherwise. *See, e.g.*, *Entzi*, 485 F.3d at 1003 ("Absent a decision of the Court that explicitly overrules what we understand to be the holding of *Heck*, however, we decline to depart from that rule.") However, the Supreme Court itself has recognized this issue to be an unsettled one. *See Muhammad v. Close*, 540 U.S. 749, 752 n.2 (2004). Under these circumstances, and in light of the fact that *Heck* involved a petitioner who was still incarcerated, we are not persuaded that *Heck* must be applied to petitioners without a habeas remedy. We are instead persuaded by the reasoning of the Second, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits that we are free to follow the five-Justice plurality's approach in *Spencer* on this unsettled question of law. We are also persuaded that the *Spencer* plurality approach is both more just and more in accordance with the purpose of § 1983 than the approach of those circuits that strictly apply *Heck* even to petitioners who have been released from custody. If a petitioner is unable to obtain habeas relief—at least where this inability is not due to the petitioner's own lack of diligence—it would be unjust to place his claim for relief beyond the scope of § 1983 where "exactly the same claim could be redressed if brought by a former prisoner who had succeeded in cutting his custody short through habeas." *Spencer*, 523 U.S. at 21 (Souter, J., concurring).

     We thus adopt the reasoning of these circuits and hold that a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not

-11-

barred by *Heck* from pursuing a § 1983 claim. The district court therefore erred in holding that Plaintiff's false imprisonment claim lacked merit where Plaintiff's prior attempt to obtain a favorable termination in habeas was dismissed based on mootness.

As for the second claim in Plaintiff's amended complaint, this claim was based on the alleged refusal by a mail clerk to send Plaintiff's legal mail. Plaintiff alleges that, as a result of this refusal, he was unable to file objections to the magistrate judge's recommendations in another civil rights case, with the result that the magistrate judge's recommendations were adopted by the district court without de novo review and Plaintiff lost his right to appeal the court's decision.

The district court concluded that "[t]he access to the courts claim lacks merit because Mr. Cohen fails to allege any actual injury in connection with the preparation of an initial pleading raising a nonfrivolous legal claim in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus." (R. at 164.) For support, the district court cited to *Lewis v. Casey*, 518 U.S. 343, 349-55 (1996). In *Lewis*, the Supreme Court held that a prison legal library need only provide those resources "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355. The Court also concluded that the denial-of-access-to-the-courts claims brought by illiterate or non-English-

speaking inmates turned on whether prison officials were ensuring that these inmates had "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id.* at 356. Thus, in the instant case, the district court apparently concluded that any claim of denial of access to the courts must be premised on either a habeas petition or on a civil rights action relating to the conditions of confinement.

This reading of *Lewis*, however, is contrary to our precedent. As we stated in *Simkins v. Bruce*, 406 F.3d 1239 (10th Cir. 2005), "[i]n order to provide inmates a meaningful right of access to the courts, 'states are required to provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights and other civil rights actions related to their incarceration, but in all other types of civil actions, states may not erect barriers that impede the right of access of incarcerated persons.'" *Id.* at 1242 (quoting *Snyder v. Nolen*, 380 F.3d 279, 290-91 (7th Cir. 2004)). Thus, although *Lewis* limits the types of cases in which the prison must provide affirmative assistance, it does not give free reign to prison authorities to interfere with and impede a prisoner's pursuit of other legal actions.

Here, Plaintiff alleges that a mail clerk impeded his right of access to the courts by refusing to send his legal mail, which prevented him from being able to file objections to the magistrate judge's recommendations in another civil action. As reflected in one of the attachments to Plaintiff's amended complaint, the

-13-

district court in that action subsequently dismissed several defendants from the case based on the magistrate judge's recommendation, noting that "Plaintiff has failed to file specific written objections to the Magistrate Judge's recommendation and is therefore barred from *de novo* review." (R. at 118.) Moreover, as Plaintiff points out, we "have adopted a 'firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). As in *Simkins*, the alleged prejudice from the mail clerk's interference "is directly and inextricably tied to the adverse disposition of his underlying case and the loss of his right to appeal from that disposition." 406 F.3d at 1244. Moreover, although Plaintiff's claims in the underlying case might well be frivolous, the record contains insufficient evidence for us to affirm on that basis in this appeal. *See id.* We thus conclude that the district court erred in denying the motion to file an amended complaint and dismissing this claim based on its conclusion that this claim lacked merit.

For the foregoing reasons, we **REVERSE** and **REMAND** the district court's order. In so holding, we express no opinion as to the merit or ultimate disposition of Plaintiff's claims. We simply hold, in light of the record on appeal, that the district court erred in denying Plaintiff's motion to file an amended

complaint late and dismissing his original and amended complaints for the reasons given.  We **GRANT** Plaintiff's motion to proceed *in forma pauperis* on appeal but **DENY** Plaintiff's request that we order the district court to appoint counsel to represent Plaintiff on remand.

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker            Douglas E. Cressler
Clerk of Court           October 19, 2010            Chief Deputy Clerk

Mr. Solomon Ben-Tov Cohen
FCI - Englewood
9595 West Quincy Avenue
Littleton, CO 80123
#36792-013

**RE:**    **09-1563, Cohen v. Longshore, et al**
Dist/Ag docket: 1:09-CV-01169-ZLW

Dear Mr. Cohen:

Enclosed is a copy of the opinion of the court in the captioned case. Judgment was entered today.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

EAS/lg