**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  09-cv-01169-LTB-CBS

SOLOMON BEN-TOV COHEN,

    Plaintiff,

v.

JOHN P. LONGSHORE, and
CAROLINE VAN BARNEVELDT, Mail Clerk, El Paso County Sheriff's Office

    Defendants.

---

**DEFENDANT CAROLINE VAN BARNEVELDT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT (DOC. NO. 59)
PURSUANT TO FED.R.CIV.P. 8(a) and 12(b)(1)**

---

**COMES NOW** Defendant, Caroline Van Barneveldt in her individual capacity, and hereby respectfully moves this Honorable Court, pursuant to Fed.R.Civ.P. 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Third Amended Complaint (Doc. No. 59) in the above-captioned case for failure to state claims upon which relief can be granted.  As grounds therefore, Ms. Van Barneveldt submits the following facts, applicable law and argument**.**

                    **I.     FACTUAL BACKGROUND**

In his Third Amended Complaint (Doc. No. 59), Plaintiff Solomon Ben-Tov Cohen alleges that Ms. Van Barneveldt, in her capacity as a mail clerk employed by the El Paso County Sheriff's Office, denied him access to the United States District Court in case number 08-CV-02188-LTB-CBS, another case in which he is a plaintiff.  Third Amended Complaint, pp. 3, 5.  Plaintiff claims that Ms. Van Barneveldt refused to send

legal mail on his behalf on September 15, September 22, and October 1, 2009. *Id*. A review of the exhibits submitted by Plaintiff, which can be found attached to Document 20, one of many amended complaints filed by Plaintiff, reveals that the second request to send legal mail occurred on September 21 rather than September 22 (Document 20, Ex. 6), and that the legal mail Plaintiff desired to send on October 1 was addressed to the United States Solicitor General (Document 20, Ex. 8).

Plaintiff alleges that Ms. Van Barneveldt's refusal to send his legal mail resulted in the Court dismissing his claims in 08-CV-02188-LTB-CBS. Third Amended Complaint, pp. 3, 5. In that case, the Magistrate Judge had issued a Report and Recommendations on September 21, 2009, a copy of which Plaintiff received on or about September 22, 2009. Third Amended Complaint, p. 5. On October 21, 2009, those recommendations were adopted and certain claims dismissed by the District Court Judge, who noted that Plaintiff had failed to file specific objections to the recommendations. Third Amended Complaint, pp. 3, 5; Document 20, Ex. 10.

## II.   STANDARD OF REVIEW

### 1.   Federal Rule of Civil Procedure 8(a) and 12(b)(6).

A motion to dismiss is properly granted when a complaint provides "no more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 1177). While a court must accept well-pled facts as true, it should look also "to the specific allegations in the

2

complaint to determine whether they plausibly support a legal claim for relief." *Pace v. Swerdlow,* 519 F.3d 1067, 1072 (10th Cir. 2008). Well-pled facts are properly distinguished from "conclusory allegations." *Lingenfelter v. Board of County Commissioners of Reno County, Kansas,* 359 F.Supp. 2d 1163, 1166, (D.Kan. 2005), citing *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir. 1984).

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 127 S. Ct. at 1974). "The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." S*chneider,* 493 F.3d at 1177.

Likewise, even where factual allegations are made, if they are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)(citing *Twombly* 127 U.S. at 167). "[W]here the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (emphasis added)(internal quotation marks and alteration marks omitted).

### III.   ARGUMENT

### A.   Plaintiff's Third Amended Complaint fails to state a claim for relief against Caroline Van Barneveldt.

Access to the courts is a fundamental right protected by Article 4 of and the First and Fourteenth Amendments to the United States Constitution. *Nordgren v. Milliken*, 762 F.2d 851, 853 (10th Cir.), *cert. denied*, 474 U.S. 1032, 88 L. Ed. 2d 573, 106 S. Ct. 593 (1985). In order to protect an inmate's right of access to the court system, "states may not erect barriers that impede" that right of access in civil cases. *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005). In cases that involve constitutional rights and other civil rights related to incarceration, states are required to go further and provide affirmative assistance to inmates in preparing legal papers. *Id*.

In this case Plaintiff asserts that Ms. Van Barneveldt's alleged refusal to send legal mail resulted in the dismissal of his claims in another civil case. None of the facts cited by Plaintiff support this assertion, however. He received the Magistrate's recommendations in 08-CV-02188-LTB-CBS on or about September 22, 2009, and those recommendations were adopted and the claims dismissed on October 21, 2009. The only mail that Plaintiff claims he attempted to send but was prevented from sending during that period is correspondence to the United States Solicitor General. Even assuming that all of the facts alleged in the Third Amended Complaint are true, and viewing them in the light most favorable to Plaintiff, there is not a single fact alleged from which this Court could plausibly infer that any action or omission on the part of Ms. Van Barneveldt impeded Plaintiff's ability to respond to the report and recommendations issued in his other civil case.

Because the allegations contained in Plaintiff's Third Amended Complaint fail to state claims for relief against Caroline Van Barneveldt, Plaintiff's Third Amended Complaint should be dismissed in its entirety as to Ms. Van Barneveldt.

**WHEREFORE**, Defendant Caroline Van Barneveldt respectfully requests this Honorable Court to dismiss all claims against her in Plaintiff's Third Amended Complaint (Doc. No. 59) with prejudice, and for such other and just relief to include costs and reasonable attorney's fees for defending this action.

**RESPECTFULLY** submitted this 17th day of March, 2011.

By:   s/  Lori L. Seago
Lori L. Seago
Assistant County Attorney
Office of the County Attorney
of El Paso County, Colorado
27 E. Vermijo Avenue
Colorado Springs, CO 80903
(719) 520-6485
Fax: (719) 520-6487
Email: loriseago@elpasoco.com
*Attorney for C. Van Barneveldt*

## CERTIFICATE OF SERVICE

I hereby certify that on March, 17, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I have served the foregoing document to the following non-CM/ECF participants via U.S. Mail, postage prepaid, this 17th day of March, 2011:

Solomon B. Cohen
c/o Renee Cohen
55A Oakdale Road
London E11 4DJ
UK

John Longshore, District Director
US Department of Homeland Security/ICE
12445 E. Caley St.
Centennial, CO 80111

  s/   Edi Anderson

5