**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-01169-LTB-CBS

SOLOMON BEN-TOV COHEN,

      Plaintiff,

v.

JOHN P. LONGSHORE, Field Office Director U.S. Dept. of Homeland Security/ICE, and CAROLYN VAN BARNEVELDT, Mail Clerk El Paso County Sheriff's Office, Colorado,

      Defendants.

---

## DECLARATION OF SAMUEL EDWARDS

---

      I, Samuel Edwards, pursuant to 28 U.S.C. § 1746, do declare and state as follows:

      1.     I am a Deportation Officer for the United States Immigration and Customs Enforcement Agency ("ICE"), an agency within the Department of Homeland Security. In this position, I served as case manager for a detained docket at the ICE Contract Detention Facility in Aurora, Colorado. This declaration is based on knowledge obtained upon review of records concerning Solomon Ben-Tov Cohen. I make this declaration in the above-captioned case and, therefore, refer to Mr. Cohen as "Plaintiff."

      2.     Plaintiff is a citizen and national of the United Kingdom who entered the United States most recently on June 21, 2002 at Los Angeles, California, under the Visa Waiver Program, 8 U.S.C. § 1187, and was authorized to stay in the United States for no longer than 90 days. Ex. 2.[1]

---

[1] Exhibits 2 to 14 are accurate copies of documents related to Plaintiff in ICE's custody. They are submitted as separate exhibits in accordance with this Court's ECF procedures section

1

3.     Plaintiff did not depart the United States within 90 days and ICE issued an order of removal on November 26, 2003.  Ex. 2.

4.     Plaintiff was detained by ICE on November 26, 2003, in Virginia after ICE received information from the U.S. Capitol Police that Plaintiff allegedly sent inappropriate emails to a member of Congress, Representative Henry Waxman, and had demanded an appointment with him.  Ex. 3.  ICE determined at that time that Plaintiff had an outstanding warrant for his arrest and four previous arrests from 2000 to 2003.  *Id*.

5.     After ICE detained Plaintiff, Plaintiff told ICE that he feared returning to the United Kingdom and Plaintiff applied for asylum, restriction on removal, and protection under the Convention Against Torture.  Because Plaintiff applied for asylum, ICE issued a Form I-863 Notice of Referral to Immigration Judge, dated February 6, 2004, to initiate "asylum only" proceedings before an immigration judge.

6.     After his detention in 2003, Plaintiff requested that he be released because of a medical condition.  Ex. 4.  In response, ICE released Plaintiff in March 2004 after an obligor posted a $3,000 bond.  Ex. 5.  An immigration judge set a hearing date of July 22, 2005, to consider Plaintiff's asylum application.  Ex. 6.[2]  However, Plaintiff did not appear at that hearing and immigration judge ordered him removed in absentia.  *Id*.

7.     Two times in 2007, ICE issued a notice to the bond obligor requiring that he deliver Plaintiff to ICE custody.  The first required the obligor to deliver Plaintiff to ICE on May 29, 2007. Ex. 7.  The notice stated: "***Warning****: Failure to surrender the alien(s) in accordance*

---

5.8.C. (v. 4.0).

[2]In an "asylum only" proceeding before an immigration judge, such as the one Plaintiff was involved in, the immigration judge only has authority to determine whether an alien is eligible for asylum or withholding or deferral of removal.  8 C.F.R. § 208.2(c)(3).

*with this demand will result in BREACHING THE BOND and its FORFIETURE TO THE GOVERNMENT.*" *Id.* (emphases in original).  The obligor did not deliver Plaintiff as demanded. CITE.  The second notice to the obligor required the obligor to deliver Plaintiff to ICE on August 20, 2007.  Ex. 8.  It contained the same warning as the first demand.  CITE.  The obligor did not deliver Plaintiff as demanded.  *Id*.

8. In 2008, Plaintiff filed a motion with the immigration court to reopen his case because he allegedly did not receive notice of the asylum hearing on July 22, 2005.  The immigration court granted Plaintiff's motion on February 15, 2008, reopening the proceedings for the limited purpose of allowing Plaintiff an "asylum only" hearing (i.e., a hearing on his application for asylum and related forms of relief), and changing venue to Denver, Colorado.  Ex. 9.  Plaintiff was detained by ICE in Aurora, Colorado on June 1, 2008, after being released from the custody of the State of Colorado.  Ex. 10.  ICE detained Plaintiff because of his failure to appear at his previously scheduled immigration proceedings, his lack of ties to and equities in the United States, and his arrest record in the United States.  The basis for the detention was 8 U.S.C. § 1226.  Ex. 11.

9. After ICE detained Plaintiff in Aurora, Colorado in 2008, ICE notified the Immigration Court that Plaintiff was in its custody and asked the immigration judge to recalendar the asylum proceedings.  Plaintiff was then scheduled for a hearing before an immigration judge to consider his asylum application.

10. The immigration judge conducted a bond redetermination hearing in Plaintiff's case on June 25, 2008, setting a bond of $10,000.  Ex. 12.  On that same day, the immigration judge vacated his bond decision for jurisdictional reasons.

11. Plaintiff, through counsel, filed a motion requesting a bond reduction with the immigration judge on or about October 9, 2008. *Id.* The immigration judge denied that motion on October 30, 2008. *Id*. Plaintiff had thirty days to appeal this decision to the BIA, pursuant to 8 C.F.R. 1003.38. Plaintiff submitted an appeal on December 19, 2008. The BIA dismissed the appeal. Ex. 13.

12. The immigration judge denied Plaintiff's application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture on November 6, 2008. Plaintiff appealed that decision to the BIA. The BIA dismissed the appeal on April 7, 2009. Once the order of removal was final, ICE's authority for detention shifted from 8 U.S.C. § 1226, which applies to detention of aliens pending a decision on removal, to 8 U.S.C. § 1231, which applies to detention of aliens who have been ordered removed.

13. On June 19, 2009, ICE cancelled Plaintiff's immigration bond. Ex. 14.

14. Plaintiff was removed from the United States on February 9, 2011. ICE began the process of removing Plaintiff shortly after Plaintiff's removal order became final on April 7, 2009. To do so, ICE had to obtain travel documents. Obtaining travel documents generally requires cooperation from the alien. Plaintiff repeatedly refused to cooperate in obtaining travel documents and, therefore, his removal was delayed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: May 2, 2011.                                 *s/ Samuel Edwards*
                                                    Samuel Edwards