UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
DENVER, COLORADO

FILE: A 77 309 675 -- Aurora, CO

IN THE MATTER OF: )
)
Solomon Ben-Tov COHEN ) IN ASYLUM-ONLY PROCEEDINGS
)
RESPONDENT )

## ORDER ON MOTION REQUESTING BOND REDUCTION OR SETTING OF BOND

The respondent is presently in "asylum-only" proceedings. He is a native and citizen of the United Kingdom who was admitted to the United States as a visitor on June 21, 2002, under the Visa Waiver Pilot Program. *See* section 217 of the Immigration and Nationality Act (8 U.S.C. 1187). After he overstayed his visa, the Department of Homeland Security issued an administrative order of removal against him on November 26, 2003. That order is not reviewable by this court.

He appeared before me with previous counsel, Kimberly Medina, on June 25, 2008. At the time, I did not have access to the entire record. Counsel advised the court that a Notice to Appear had been issued and that the respondent was entitled to a bond hearing. Bond was set in the amount of $10,000.

On the same day, after reviewing the entire record, I discovered that there was no Notice to Appear pending before the Immigration Court. In fact, the respondent was not in removal proceedings, he was in "asylum-only" proceedings pursuant to the filing of Form I-863. Form I-863 was filed with the Immigration Court in Arlington, Virginia, on February 13, 2004 and it is in the record of proceedings as Exhibit 1. Newly-retained counsel, argues that the Department was under an obligation to issue a form I-863 but did not do so, but this appears to be erroneous.

Accordingly, by written order dated June 25, 2008, I vacated the bond order and reopened the bond proceedings.

Ex. 12

The respondent appeared with Ms. Medina on July 16, 2008. The Government was represented by Assistant District Counsel Shana Martin. On that date, I advised the parties that I had no jurisdiction to grant bail, and accordingly the request was denied. Respondent's counsel reserved appeal, but no appeal has ever been filed. A written order should have been issued, but apparently none was issued.

On October 9, 2008, newly-retained counsel filed a motion for setting of bond. I find I do not have jurisdiction to give a bond hearing. Accordingly, the motion will be denied.

*Matter of Gallardo*, 21 I&N Dec. 210 (BIA 1995) held that an alien admitted under the Visa Waiver Pilot Program is entitled to a bond hearing where an Order to Show Cause is issued against him and thus he is placed in deportation proceedings, and where he has applied for asylum.

However, the regulations governing this type of case were subsequently changed. The new regulations apply to aliens who filed for asylum on or after April 1, 1997. The regulations state that an alien who is an applicant for admission or who has been admitted under the Visa Waiver Pilot Program is not entitled to removal proceedings, and that an immigration judge has sole jurisdiction over the asylum application after a form I-863 "Notice of Referral to Immigration Judge" is filed. 8 C.F.R. § 208.2(c).

Further, the scope of the hearing is limited to the application for withholding and deferral of removal. "During such proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers and *eligibility for any other form of relief.*" 8 C.F.R. § 208(c)(3).

Whereas the respondent is under a final administrative order of removal, and whereas he falls under the Visa Waiver Pilot Program regulations, I find that I have no jurisdiction to consider his request.

ORDER: It is ordered that the request for setting of bond be denied.

October 30, 2008                                           *JP Vandello*

J. P. Vandello
Immigration Judge

Ex. 12