| | |
|---|---|
| U.S. Department of Justice<br>Executive Office for Immigration Review | Decision of the Board of Immigration Appeals |
| Falls Church, Virginia 22041 | |

File:   A077 309 675 - Denver, CO                    Date:   FEB 2 6 2009

In re:  SOLOMON BEN-TOV COHEN a.k.a Michael Samuel Cohen

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

APPLICATION:   Change in custody status

   The respondent appeals the Immigration Judge's order dated October 30, 2008, denying his request for custody redetermination. The appeal will be dismissed.

   The Immigration Judge initially provided the respondent with a bond hearing. However, the Immigration Judge subsequently rescinded the bond determination and found that he lacked jurisdiction after discovering that the respondent was admitted to the United States under the Visa Waiver Program, and was in asylum-only proceedings (I.J. Order at 1).

   It is uncontested that the respondent entered the United States under the Visa Waiver Program. *See* section 217 of the Immigration and Nationality Act, 8 U.S.C. § 1187. Aliens admitted under this program forfeit any right to challenge their removal, except that they may apply for asylum. *See id*; 8 C.F.R. § 217.4(a); *Itaeva v. INS*, 314 F.3d 1238, 1239 (10th Cir. 2003). Aliens who do apply for asylum are processed in "asylum-only" proceedings. *See* 8 C.F.R. §§ 208.2(c)(iii), 1208.2(c)(iii) (providing that an applicant for admission pursuant to the visa waiver program under section 217 of the Act is not entitled to proceedings under section 240 of the Act, 8 U.S.C. § 1229). Unless granted relief in those proceedings, the Visa Waiver applicant can be removed without further proceedings. *See* 8 C.F.R. § 217.4(a)(1).

   As the respondent is not in removal proceedings under 8 C.F.R. part 1240, the Immigration Judge correctly determined that his limited jurisdiction over custody matters did not authorize him to redetermine the conditions of custody imposed by the DHS in this matter.[1] *See* 8 C.F.R. § 1236.1(d).

   Accordingly, the following order shall be entered.

---

[1] We are not persuaded by the respondent's reliance on *Matter of Gallardo-Fresneda*, 21 I&N Dec. 210 (BIA 1996), as the alien in that case was in deportation proceedings, rather than asylum-only proceedings, and was issued an Order to Show Cause and Notice of Hearing (Form I-221).

EX. B

A077 309 675

ORDER: The appeal is dismissed.

_____
FOR THE BOARD