IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01169-LTB-CBS

SOLOMON B. COHEN, *pro se,*
    Plaintiff,
v.

JOHN P. LONGSHORE, Field Office Director U.S. Dept. of Homeland Security/ICE, and
CAROLINE VAN BARNEVELDT, Mail Clerk El Paso County Sheriff's Office, Colorado,
    Defendants.

## ORDER TO SHOW CAUSE

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff, Mr. Cohen's, failure to prosecute and failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.

    Plaintiff Mr. Cohen initiated this civil action on or about May 12, 2009 by filing a *pro se* complaint. (*See* Doc. # 4). After directing Mr. Cohen to file an amended complaint and a second amended complaint, the District Court dismissed the case on December 16, 2009. (*See* Docs. # 7, # 8, # 9, # 20, # 21, # 22, and # 23). Mr. Cohen appealed and on October 19, 2010, the Tenth Circuit Court of Appeals reversed and remanded the case to the District Court. (*See* Doc. # 35). The mandate issued on December 13, 2010. (*See* Doc. # 38). The case was referred to Magistrate Judge Shaffer on January 12, 2011. (*See* Doc. # 43).

1

On remand, Mr. Cohen moved for and the court granted the filing of a Third Amended Complaint. (*See* Docs. # 49, # 58, # 59). On March 3, 2011, Mr. Cohen's copy of the court's Order accepting the Third Amended Complaint was returned to the court in the mail as undeliverable. (*See* Doc. # 60). On March 11, 2011, the Clerk of the Court mailed an additional copy of the court's Order to Mr. Cohen at his new address in the United Kingdom. (*See* Docs. # 56, # 61). The court's records do not indicate that the additional copy of the Order was returned to the court as undeliverable.

Defendant Van Barneveldt filed a Motion to Dismiss on March 17, 2011. (*See* Doc. # 62). The Motion to Dismiss was referred to Magistrate Judge Shaffer by District Judge Babcock. (*See* Doc. # 63). By Minute Order, Magistrate Judge Shaffer directed Mr. Cohen to file his response to the Motion to Dismiss on or before April 18, 2011. (*See* Doc. # 65). Mr. Cohen subsequently requested and was granted a 60-day extension of time until June 28, 2010 to file his response. (*See* Docs. # 67, # 70).

On May 2, 2011, Defendant Longshore filed his Motion to Dismiss. (*See* Doc. # 71). District Judge Babcock referred the Motion to Dismiss to Magistrate Judge Shaffer. (*See* Doc. # 72). By Minute Order, Magistrate Judge Shaffer directed Mr. Cohen to file his response to the Motion to Dismiss on or before June 17, 2011. (*See* Doc. # 73).

The court mailed Mr. Cohen's copies of the Minute Orders setting the deadline for his responses to Mr. Cohen's address of record in the U.K. (*See* Doc. # 65, Notice of mailing, Doc. # 73, Notice of mailing). The court's records do not indicate that Mr. Cohen's copies of the Minute Orders were returned to the court in the mail as undeliverable. To date, Mr. Cohen has not responded to either Defendant Van Barneveldt's or Defendant

2

Longshore's Motions to Dismiss.

Mr. Cohen was directed to file a response to Defendants' Motions to Dismiss and then afforded a 60 day extension of time to file his response. More than 60 days has passed since the extended response deadline and Mr. Cohen has not filed any response. Mr. Cohen has offered no explanation for his lack of response. Mr. Cohen has not communicated with the court since he requested an extension of time on April 17, 2011. (*See* Doc. # 67). The court need not tolerate abuse of its limited judicial resources by litigants who initiate actions and then fail to prosecute.

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order." D.C. COLO. LCivR 41.1. "If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice." *Id*.

A district court may also dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .") (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders"); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)

("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

Accordingly, IT IS ORDERED that Plaintiff Mr. Cohen shall **on or before Friday September 30, 2011** show good cause if any he has in writing why this civil action should not be dismissed pursuant to D.C. COLO. LR 41.1 for failure to prosecute and failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.  Mr. Cohen is warned that failure to comply with this Order to Show Cause may result in dismissal of this civil action without further notice.

DATED at Denver, Colorado, this 2nd day of September, 2011.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge