IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01169-LTB-CBS

SOLOMON B. COHEN, *pro se,*
    Plaintiff,
v.

JOHN P. LONGSHORE, Field Office Director U.S. Dept. of Homeland Security/ICE, and
CAROLINE VAN BARNEVELDT, Mail Clerk El Paso County Sheriff's Office, Colorado,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

Plaintiff Mr. Cohen initiated this civil action on or about May 12, 2009 by filing a *pro se* complaint. (*See* Doc. # 4). After directing Mr. Cohen to file an amended complaint and a second amended complaint, the district court dismissed the case on December 16, 2009. (*See* Docs. # 7, # 8, # 9, # 20, # 21, # 22, and # 23). Mr. Cohen appealed and on October 19, 2010, the Tenth Circuit Court of Appeals reversed and remanded the case to the district court. (*See* Doc. # 35). The mandate issued on December 13, 2010. (*See* Doc. # 38). The case was referred to Magistrate Judge Craig B. Shaffer on January 12, 2011. (*See* Doc. # 43).

On remand, Mr. Cohen moved for and the court granted the filing of a Third Amended Complaint ("TAC"). (*See* Docs. # 49, # 58, # 59). In the TAC, Mr. Cohen alleges jurisdiction pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and sues Defendant Longshore in his individual capacity for false imprisonment and Defendant Van Barneveldt in her individual capacity for refusing to send his legal mail on several occasions. (*See* Doc. # 59). On March 3, 2011, Mr. Cohen's copy of the court's Order accepting the Third Amended Complaint was returned to the court

1

in the mail as undeliverable. (*See* Doc. # 60). On March 11, 2011, the Clerk of the Court mailed an additional copy of the court's Order to Mr. Cohen at his new address in the United Kingdom. (*See* Docs. # 56, # 61).

Defendant Van Barneveldt filed a Motion to Dismiss on March 17, 2011. (*See* Doc. # 62). The Motion to Dismiss was referred to Magistrate Judge Shaffer by District Judge Babcock. (*See* Doc. # 63). By Minute Order, Magistrate Judge Shaffer directed Mr. Cohen to file his response to the Motion to Dismiss on or before April 18, 2011. (*See* Doc. # 65). Mr. Cohen subsequently requested and was granted a 60-day extension of time until June 28, 2010 to file his response. (*See* Docs. # 67, # 70).

On May 2, 2011, Defendant Longshore filed his Motion to Dismiss. (*See* Doc. # 71). District Judge Babcock referred the Motion to Dismiss to Magistrate Judge Shaffer. (*See* Doc. # 72). By Minute Order, Magistrate Judge Shaffer directed Mr. Cohen to file his response to the Motion to Dismiss on or before June 17, 2011. (*See* Doc. # 73).

The court mailed Mr. Cohen's copies of the Minute Orders setting the deadlines for filing his responses to Mr. Cohen's address of record in the U.K. (*See* Doc. # 65, Notice of mailing, Doc. # 73, Notice of mailing). The court's records do not indicate that Mr. Cohen's copies of the Minute Orders were returned to the court in the mail as undeliverable. To date, Mr. Cohen has not responded to either Defendant Van Barneveldt's or Defendant Longshore's Motions to Dismiss.

On September 2, 2011, the court issued an Order to Show Cause pursuant to D.C. COLO. LCivR 41.1, directing Mr. Cohen to show cause in writing on or before September 30, 2011 why this civil action should not be dismissed pursuant to D.C. COLO. LR 41.1 for failure to prosecute and failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil

Procedure. (*See* Doc. # 74). The court warned Mr. Cohen that failure to comply with the Order to Show Cause may result in dismissal of this civil action without further notice. (*See id.*). The court's records indicate that Mr. Cohen's copy of the Minute Order was not returned to the court in the mail as undeliverable. To date, Mr. Cohen has not filed a response to the court's Order to Show Cause.

Mr. Cohen has offered no explanation for his lack of response to Defendants' Motions or the court's Order to Show Cause. Mr. Cohen has not communicated with the court since he requested an extension of time on April 17, 2011. The court need not tolerate abuse of its limited judicial resources by litigants who initiate actions and then fail to prosecute. A district court may dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .") (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders"); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

When dismissing a case without prejudice, " 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.' " *AdvantEdge Business Group v. Thomas E. Mestmaker & Associates*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Nasious v. Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)). The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted).

Mr. Cohen has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* identify and apply any possible limitations periods or tolling provisions applicable to Mr. Cohen's claims. *See AdvantEdge Business Group*, 552 F.3d at 1236 (AdvantEdge cannot demonstrate this practical effect of a dismissal without prejudice "because it has failed to sufficiently address on appeal the possible running of a statute of limitations; indeed, it has failed even to identify the applicable limitation periods."); *Young v. United States*, 316 Fed. Appx. 764, 772 n. 7 (10th Cir. March 12, 2009) ("We do not need to consider the possible running of any of the applicable statute of limitations in either of Mr. Young's actions, however, because he has failed to raise the issue.").

Accordingly, IT IS RECOMMENDED that this civil action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) for Mr. Cohen's failure to prosecute and failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.

**Advisement to the Parties**

*Within fourteen days after service of a copy of the Recommendation*, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of*

*Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 24th day of October, 2011.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge